## UNITED STATE DISTRICT COURT
## DISTRICT OF NEW JERSEY

SAMUEL L. KAPLAN, on behalf of
himself and the Putative Class,

               Plaintiffs,

v.

GENERAL ELECTRIC COMPANY
d/b/a GE, UNITED TECHNOLOGIES
CORP., UTC FIRE & SECURITY
AMERICAS CORPORATION, INC.
d/b/a INTERLOGIX, and CARRIER
GLOBAL CORPORATION,

               Defendants.

Case No. 2:22-cv-05296

Hon. Brian R. Martinotti
Magistrate Judge Edward S. Kiel

***Document electronically filed***

## REPLY IN SUPPORT OF
## <u>DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>

Justin T. Quinn
**ROBINSON MILLER LLC**
Ironside Newark
110 Edison Place, Suite 302
Newark, NJ 07102

K. Winn Allen, P.C. (admitted *pro hac vice*)
Devin Anderson (admitted *pro hac vice*)
Mary Elizabeth Miller (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

## <u>TABLE OF CONTENTS</u>

**INTRODUCTION**..................................................................................................1

**ARGUMENT**........................................................................................................1

I.    **Kaplan's Claims Are Representation-Based And Should Be Dismissed.**........................................................................................1

II.   **Kaplan Has Not Plausibly Alleged Any Loss.**.............................5

III.  **Kaplan's Claims Are Untimely.**...................................................7

IV.  **Kaplan's Fraud Claims Fail Rule 9(b)'s Particularity Requirement.**..........................................................................8

V.   **Kaplan's Warranty Claims Fail As A Matter Of Law.**............11

VI.  **Kaplan's MMWA Claim Fails As A Matter Of Law.**...............13

VII. **Kaplan Does Not State A Claim For Unjust Enrichment**........14

VIII. **Kaplan's TCCWNA Claim Fails As A Matter Of Law.**..........15

**CONCLUSION**...................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                **Page(s)**

*Bruce v. Jet.com, Inc.*,
    482 F. Supp. 3d 731 (E.D. Tenn. 2020) ...................................................................4

*Calender v. NVR Inc.*,
    548 F. App'x 761 (3d Cir. 2013) ...........................................................................13

*Cooper v. Samsung Elecs. Am., Inc.*,
    374 F. App'x 250 (3d Cir. 2010) ...........................................................................14

*DeFrank v. Samsung Elecs. America, Inc.*,
    2020 WL 6269277 (D.N.J. Oct. 26, 2020) .....................................................10, 15

*Dzielak v. Whirlpool Corp.*,
    2019 WL 6607220 (D.N.J. Dec. 5, 2019) ..............................................................13

*Elias v. Hewlett-Packard Co.*,
    903 F. Supp. 2d 843 (N.D. Cal. 2012) ...............................................................9, 10

*Fuqua v. Bristol-Myers Squibb Co.*,
    926 F. Supp. 2d 538 (D.N.J. 2013) .........................................................................8

*Gennari v. Weichert Co. Realtors*,
    691 A.2d 350 (N.J. 1997) .....................................................................................11

*Glass v. BMW of N. Am., LLC*,
    2011 WL 6887721 (D.N.J. Dec. 29, 2011) ............................................................14

*Gray v. BMW of North America, LLC*,
    22 F. Supp. 3d 373 (D.N.J. 2014) .........................................................................10

*Hoffman v. Nordic Nats., Inc.*,
    2014 WL 1515602 (D.N.J. Apr. 17, 2014) ............................................................12

*Kavon v. BMW of North America, LLC*,
    2022 WL 1830797 (D.N.J. June 3, 2022) ........................................................11, 14

*Koski v. Carrier Corp.*,
    347 F. Supp. 3d 1185 (S.D. Fla. 2017) ................................................................3, 4

*In re Lamictal Indirect Purchaser & Antitrust Consumer Litig.*,
    172 F. Supp. 3d 724 (D.N.J. 2016) .........................................................................7

*Levari Enters., LLC v. Kenworth Truck Co.*,
    2022 WL 248101 (D.N.J. Jan. 27, 2022) ..............................................................11

*Lombreglia v. Sunbeam Prods., Inc.*,
　　2021 WL 118932 (D.N.J. Jan. 13, 2021) ................................................................4

*Lopez v. Swyer*,
　　300 A.2d 563 (N.J. 1973) ........................................................................................7

*Lynch v. Tropicana Products, Inc.*,
　　2013 WL 2645050 (D.N.J. June 12, 2013) ..............................................................9

*Mason v. Coca-Cola Co.*,
　　774 F. Supp. 2d 699 (D.N.J. 2011) ..........................................................................6

*Mladenov v. Wegmans Food Mkts., Inc.*,
　　124 F. Supp. 3d 360 (D.N.J. 2015) ........................................................................15

*Poling v. K. Hovnanian Enters.*,
　　99 F. Supp. 2d 502 (D.N.J. 2000) ..........................................................................10

*Ponzio v. Mercedes-Benz USA, LLC*,
　　447 F. Supp. 3d 194 (D.N.J. 2020) ..........................................................................6

*Rapid Models & Prototypes, Inc. v. Innovated Sols.*,
　　71 F. Supp. 3d 492 (D.N.J. 2014) ......................................................................9, 10

*In re Rockefeller Ctr. Props., Inc. Sec. Litig.*,
　　311 F.3d 198 (3d Cir. 2002) ....................................................................................8

*Rosenzweig v. Transworld Sys. Inc.*,
　　2017 WL 3025557 (D.N.J. July 14, 2017) ............................................................15

*Santiago v. Total Life Changes LLC*,
　　2021 WL 5083835 (D.N.J. Nov. 2, 2021) ..............................................................12

*Strzakowlski v. Gen. Motors Corp.*,
　　2005 WL 2001912 (D.N.J. Aug. 16, 2005) ............................................................12

*Sun Chem. Corp. v. Fike Corp.*,
　　235 A.3d 145 (N.J. 2020) .....................................................................................4, 6

*Sun Chem. Corp. v. Fike Corp.*,
　　981 F.3d 231 (3d Cir. 2020) ..................................................................................13

*Viking Yacht Co. v. Composites One LLC*,
　　496 F. Supp. 2d 462 (D.N.J. 2007) ........................................................................12

*Warren Technology, Inc. v. UL LLC*,
　　962 F.3d 1324 (11th Cir. 2020) ...........................................................................3, 4

**Statutes**

15 U.S.C. § 2310 ................................................................................................................13

**Rules**

Fed. R. Civ. P. 9 ....................................................................................... *passim*

**Other Authorities**

https://code-authorities.ul.com/about/code-authority-faqs/ (last visited Jan. 30, 2023) ....................................................................................................................5

https://www.youtube.com/watch?v=-LJ4uJKehSM ......................................................8

**INTRODUCTION**

Kaplan's opposition brief confirms that his Complaint fails to state a claim. Kaplan insists that Interlogix falsely represented that its alarms complied with industry standards based on a hypothetical defect that neither Kaplan nor any other homeowner has ever experienced. But this is the unusual case where the plaintiff's own Complaint contradicts its central premise. UL, the arbiter of UL and NFPA compliance, maintains that Interlogix alarms meet those standards, which means Interlogix's use of the UL Mark was accurate and certainly not a misrepresentation. While Kaplan and his purported expert Zwirn's disagreement with UL's application of the UL and NFPA standards may be interesting fodder for a UL committee discussion, it is not the stuff of a nationwide class action. Nothing in Kaplan's opposition cures the many other flaws with his claims. The Court should grant Interlogix's motion to dismiss.

**ARGUMENT**

**I.    Kaplan's Claims Are Representation-Based And Should Be Dismissed.**

Kaplan's claims fail because they are all based on alleged misrepresentations about Interlogix's compliance with UL and NFPA standards, and his Complaint shows no misrepresentations were made. The Court should take Kaplan at his word that the "essential nature or core of Plaintiff[']s claim is one based in contract and representation based harms." Opp. 20; *see also, e.g.*, *id.* at 21 (describing his claims as "representation-based" and not "based on a defective fire alarm that caused

physical harm to Plaintiff"); *id.* ("Plaintiff['s] complaint is not about harm the defective fire alarm causes to people or property, but of the harm caused by Defendants' misrepresentations to Plaintiff (and the Class) . . . ."). But as a matter of law and logic, Kaplan cannot plausibly allege that Interlogix's use of the UL Mark misrepresented its alarms' compliance with UL and NFPA standards when the Complaint itself makes clear that UL, the arbiter of these standards, concludes that Interlogix alarms comply. Defs.' Br. 9.

None of Kaplan's attempts to resuscitate his claims withstands scrutiny. Kaplan asserts that just because UL said the alarms comply with *UL* standards doesn't mean that the alarms comply with *NFPA* standards. Opp. 7–13. But that argument is at odds with Kaplan's own Complaint, which acknowledges (correctly) that UL is the organization responsible for "the actual implementation and testing" of both *its* standards and *NFPA* standards and that the "applicable" NFPA "standards . . . are subsumed within UL standards." Compl. Ex. E at 11–12; *see also* Compl. ¶ 78(d) (describing UL as a nationally recognized testing laboratory that tests compliance with UL and NFPA standards). Indeed, in its December 2020 letter reaffirming its certification, UL confirmed that the Interlogix alarms met both UL and NFPA standards. Compl. Ex. E at 81–82. It would make no sense to treat the two separately, when the language of the UL and NFPA standards is substantively

identical, as Kaplan acknowledges. *Compare* Compl. ¶¶ 48–49, *with id.* ¶¶ 58–59.[1]

UL's continued certification of Interlogix's alarms means Kaplan's claims fail as a matter of law because the representation at issue is the use of the UL Mark on the product and related statements of UL and NFPA compliance in installation materials. *E.g.*, Opp. 2. As the on-point decisions in *Warren Technology, Inc. v. UL LLC*, 962 F.3d 1324 (11th Cir. 2020), and *Koski v. Carrier Corp.*, 347 F. Supp. 3d 1185 (S.D. Fla. 2017), confirm, whether an alarm satisfies UL and NFPA standards is up to UL—not Kaplan, not Zwirn, and not anyone else. *See Warren*, 962 F.3d at 1328 ("[d]etermining the conformance of a product with a UL standard obviously requires UL to interpret the standard," and "even a misinterpretation" of that standard by UL is not an actionable "falsity," but rather "a matter of opinion"); *Koski*, 347 F. Supp. 3d at 1194–95, 1199 (dismissing fraud claims that would have imposed a requirement additional to UL's standards). The undisputed fact that UL certified the Interlogix system—and reaffirmed that certification when presented with Kaplan's theory—means that Interlogix's statements cannot constitute fraud or breach of warranty.

Kaplan's cases are readily distinguishable because they involve attempts to defend against *product-liability* claims by reference to UL or other industry

---

[1] As Kaplan recognizes, if the alarms are compliant with NFPA standards, they are also compliant with the New Jersey Uniform Construction Code. *See* Opp. 28.

standards. *E.g.*, *Lombreglia v. Sunbeam Prods., Inc.*, 2021 WL 118932, at *1–3 (D.N.J. Jan. 13, 2021); *Bruce v. Jet.com, Inc.*, 482 F. Supp. 3d 731, 736–37 (E.D. Tenn. 2020). Kaplan insists over and over that he is *not* bringing product-liability claims, however. *See* Opp. 20 ("Plaintiff[']s claim is one based in contract and representation based harms"); *id.* at 21 (characterizing Complaint as about "the harm caused by Defendants' misrepresentations"); *id.* (describing claims as "representation based" and not "based on a defective fire alarm"). If Kaplan had brought product-liability claims, all but his express-warranty causes of action would fail under the PLA. *See Sun Chem. Corp. v. Fike Corp.*, 235 A.3d 145, 156 (N.J. 2020). Kaplan argues that the PLA is inapplicable because his "complaint is not about harm the defective fire alarm causes to people or property, but of the harm caused by Defendants' misrepresentations to Plaintiff (and the Class) and to the product itself." Opp. 21. So be it. But by expressly acknowledging that all of the claims are based on the alleged misrepresentations engendered by the UL Mark and certifications, Kaplan has conceded away his case, since any representation that the Interlogix product was listed by UL was indisputably true. *Warren* and *Koski* are right on point.[2]

---

[2] In arguing that certain of Kaplan's claims should be dismissed under the PLA, Interlogix did not "purposefully misread[]" the Complaint, *see* Opp. 20, but recognized that the Complaint made allegations that appeared to sound in product liability. *E.g.*, Compl. ¶¶ 6, 14, 15. Kaplan has now clarified that all of his claims are premised on misrepresentations. *E.g.*, Opp. 20–21.

4

Kaplan also misleadingly cites a part of UL's website to suggest Interlogix's display of the UL Mark means that Interlogix, as the manufacturer, is responsible for the certification. Opp. 11 & n.8. But that very website only reinforces that UL certification is up to UL. *See* https://code-authorities.ul.com/about/code-authority-faqs/ (last visited Jan. 30, 2023). UL confirmed that the representation here was accurate, which is why Kaplan's claims fail. Compl. Ex. E at 81–82.[3]

## II.    Kaplan Has Not Plausibly Alleged Any Loss.

Kaplan's opposition also confirms that he has not plausibly alleged an ascertainable loss. Kaplan does not dispute that he must show a loss. He instead points to two alleged losses: the purported costs to repair the alarm and the alarm's replacement value. Opp. 13–15. Neither is sufficient as a matter of law.

Kaplan has not plausibly alleged that he, or anyone else, has incurred any repair costs. To the contrary, he concedes that his alarm is "operational," Opp. 1, and has been since 2006, Compl. ¶ 22. In fact, Kaplan also does not allege that *any* homeowner's alarm has actually failed in the way that he theorizes, despite alleging that all combination-listed fire and burglar alarms are defective. Nor does he explain what the purportedly necessary repair would even be or allege that anyone has ever

---

[3] The statement Kaplan quotes was in response to a question about what happens when a "UL Listed product was modified in the field"—which is not alleged here—and UL stated that use of the UL Mark after certification is a manufacturer's representation that the particular product conformed to UL's requirements. *See id.*

repaired an Interlogix alarm system in the manner he contemplates. *See also* Compl. ¶ 92. Presumably, Kaplan contemplates using Zwirn's patented device as the "repair," but he does not allege how every combination-listed alarm could be "repaired" in this manner (and therefore how much of a financial windfall his litigation strategy would give to Zwirn). *See* Compl. Ex. E at 4.

Kaplan's allegations as to purported replacement costs also fail. Kaplan's alarm has never failed; he has not alleged that any other homeowner's alarm has ever failed; and he simultaneously alleges that the alarms can be "repaired," which is incompatible with any allegation that the alarms need to be replaced. Kaplan does not allege what he paid for his alarms, and he does not explain how his damages theory would account for the value he and others have obtained from using their alarms for decades. His claims should be dismissed for lack of any plausible loss. *See, e.g.*, *Ponzio v. Mercedes-Benz USA, LLC*, 447 F. Supp. 3d 194, 244–45 (D.N.J. 2020); *Mason v. Coca-Cola Co.*, 774 F. Supp. 2d 699, 704–05 (D.N.J. 2011).

Kaplan also has no response to Interlogix's argument that Counts 2 and 3 should be dismissed under the economic-loss doctrine. The New Jersey Supreme Court has made clear that "common law tort actions do not apply to damage caused to the product itself, or to consequential but purely economic losses caused to the consumer because of a defective product." *Sun Chem.*, 235 A.3d at 150 n.2. Those are the damages that Kaplan has alleged here. *E.g.*, Compl. ¶ 92. His assertion that

"the economic loss rule does not apply to bar Plaintiff's claims which only seek recovery for economic loss" gets things backwards. Opp. 25 & n.13. That Kaplan "only seek[s] recovery for economic loss" is precisely why the rule should apply.

## III.  Kaplan's Claims Are Untimely.

Although Kaplan concedes that his claims are untimely and that the Court can apply statutes of limitations at the pleading stage, he maintains that he is entitled to equitable tolling. Opp. 16–18. But Kaplan has not alleged the factual predicates for equitable tolling with the particularity required by Federal Rule of Civil Procedure 9(b). As Kaplan acknowledges, Opp. 18, a plaintiff claiming tolling based on fraudulent concealment "must plead the circumstances of the fraudulent concealment with the particularity required by Fed. R. Civ. P. 9(b)." *In re Lamictal Indirect Purchaser & Antitrust Consumer Litig.*, 172 F. Supp. 3d 724, 738 (D.N.J. 2016); *see also Lopez v. Swyer*, 300 A.2d 563, 567–68 (N.J. 1973) (plaintiff bears the burden of demonstrating entitlement to equitable tolling).

But Kaplan's opposition only highlights that his tolling allegations lack particularity. The sum total of those allegations is that he "pleads with specificity that he did not learn of the Alarm System Defect until August 2021," which "was also the time he became aware of his damages." Opp. 17 (citing Compl. ¶¶ 28, 29). Those allegations are boilerplate, not specific, and they do not come close to alleging the "who, what, when, where[,] and how" of Interlogix's alleged fraudulent

concealment as required. *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 217 (3d Cir. 2002).

Kaplan also never explains the diligence he allegedly conducted to discover the purported defect. *See* Compl. ¶ 32. That is particularly significant given that at least one of Zwirn's YouTube videos that Kaplan explicitly cites, Opp. 8 n.5, was uploaded in 2017, years before Kaplan alleges he discovered the defect. *See* https://www.youtube.com/watch?v=-LJ4uJKehSM. Kaplan does not allege which Defendant, if any, fraudulently concealed the purported defect; what acts or omissions any Defendant took to conceal the purported defect; when any Defendant took such acts or omissions; where the acts or omissions took place; or why Interlogix would conceal an allegedly life-threatening defect from its consumers and testing organizations alike. Kaplan has not met his burden under Rule 9(b) for establishing his entitlement to equitable tolling. *See Fuqua v. Bristol-Myers Squibb Co.*, 926 F. Supp. 2d 538, 550 (D.N.J. 2013) (rejecting allegations "pled in a generalized matter" as insufficient for tolling that is "generally used sparingly").

## IV.    Kaplan's Fraud Claims Fail Rule 9(b)'s Particularity Requirement.

Kaplan similarly fails to allege sufficient facts to plead his fraud claims under Rule 9(b). Although Kaplan does not dispute that Counts 1, 2, 3, and 7 are subject to Rule 9(b), *see* Opp. 25–33, he insists that he provided detailed allegations about the nature of the purported defect. That misses the point: Interlogix challenges the

sufficiency of Kaplan's allegations as to the circumstances of the purported fraud, not the nature of the purported defect.

Kaplan argues that he satisfied his burden under Rule 9(b) because the "bulk of the facts" are within Interlogix's control. Opp. 27. But the chief problem here is the Complaint's lack of essential facts about *Kaplan's* actions—facts that are indisputably within his control. Most significantly, Kaplan does not allege what statements he relied on in purchasing his alarms, which Defendant (if any) made those statements to him, and which Defendant (if any) actually sold him his alarm. *See* Compl. ¶¶ 21–25. He cites his 2006 alarm's schematic and installation guide, but he does not allege he reviewed either before purchasing the alarm (let alone before purchasing his 2002 alarm). *Id.* ¶¶ 24–25. As Kaplan insists, his claims are misrepresentation-based claims. But without specific allegations about whether those misrepresentations had any influence on Kaplan's decision to purchase the Interlogix products, Kaplan's fraud claims fail. *See, e.g.*, *Rapid Models & Prototypes, Inc. v. Innovated Sols.*, 71 F. Supp. 3d 492, 503–05 (D.N.J. 2014); *Elias v. Hewlett-Packard Co.*, 903 F. Supp. 2d 843, 858 (N.D. Cal. 2012).

Kaplan points to *Lynch v. Tropicana Products, Inc.*, but that case is inapposite because there the "alleged misrepresentations appeared on the labels, packaging, and advertisements" that the plaintiff presumably handled or reviewed *prior* to purchase. 2013 WL 2645050, at *7 (D.N.J. June 12, 2013). Here, however, Kaplan does not

allege that he viewed any UL or NFPA representation on his alarms' packaging and does not allege that the statements that he purportedly relied upon were available to him before he purchased his alarms.  The only identified statements—concerning UL and NFPA compliance in the schematic and installation guide—are not alleged to be statements that Kaplan viewed prior to purchase.[4]

Kaplan's allegation that all Interlogix combination alarm systems—indeed that all combination alarm systems ever manufactured by anybody—are defective, and that Interlogix therefore must have known it, are also insufficient to survive Rule 9(b)'s heightened pleading standard.  *See, e.g.*, *Rapid Models*, 71 F. Supp. 3d at 503–05; *Elias*, 903 F. Supp. 2d at 858; *see also Poling v. K. Hovnanian Enters.*, 99 F. Supp. 2d 502, 508 (D.N.J. 2000).  Kaplan's attempt to distinguish *Rapid Models*, Opp. 31 n.14, does not work because in *Rapid Models*, like here, the plaintiffs failed to "provide details concerning the 'who, what, when, where, and how'" of the representations.  71 F. Supp. 3d at 504.  Similarly, Kaplan's reference to "ignorance of the law" is irrelevant; the point is that Kaplan has not alleged what Interlogix knew about the purported defect and when—not that it was ignorant of the law. *DeFrank v. Samsung Elecs. America, Inc.*, 2020 WL 6269277 (D.N.J. Oct. 26,

---

[4] The cited portion of *Gray v. BMW of North America, LLC*, 22 F. Supp. 3d 373, 383 (D.N.J. 2014), concerns whether plaintiffs had adequately alleged a material defect under a California statute, and it does not bear on whether Kaplan has alleged reasonable reliance.

2020), and *Kavon v. BMW of North America, LLC*, 2022 WL 1830797 (D.N.J. June 3, 2022), included extensive allegations of the defendant's knowledge, unlike Kaplan's cursory and collectivized allegations.

Unable to satisfy Rule 9(b), Kaplan pivots to arguing that his claims allege fraudulent omission and that Rule 9(b)'s heightened pleading standard is therefore "relax[ed]." Opp. 27. But that is simply incorrect. Kaplan's opposition and Complaint alleges affirmative "representation based" claims premised on purportedly false statements about UL and NFPA compliance, not omission claims. If Kaplan is instead alleging that Interlogix failed to disclose a defect, as in each of the omission cases he cites, then his claims are subsumed by the PLA and they should be dismissed as subsumed by it, as there are no allegations of harm to persons or property. *See Levari Enters., LLC v. Kenworth Truck Co.*, 2022 WL 248101, at *2–3 (D.N.J. Jan. 27, 2022) (finding claims subsumed by the PLA because there was "no actual evidence of any affirmative misrepresentation" and the claims were "really just a claim for harm from a faulty product").[5]

## V. Kaplan's Warranty Claims Fail As A Matter Of Law.

Kaplan's express- and implied-warranty claims (Counts 4 and 5) suffer from

---

[5] Kaplan's attempt to reduce Interlogix's argument to "well, no one told us," Opp. 31, is wrong. Kaplan is again confusing representation claims with claims premised on defective products. A defendant's lack of knowledge may not be a defense to claims alleging defective design, but it does preclude a claim for fraud. *Gennari v. Weichert Co. Realtors*, 691 A.2d 350, 367 (N.J. 1997).

at least four deficiencies. *First*, Kaplan's warranty claims fail because the weight of New Jersey authority requires pre-suit notice and Kaplan did not provide it. *See, e.g.*, *Santiago v. Total Life Changes LLC*, 2021 WL 5083835, at *4–5 (D.N.J. Nov. 2, 2021); *Hoffman v. Nordic Nats., Inc.*, 2014 WL 1515602, at *7 (D.N.J. Apr. 17, 2014) (quoting *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 600 n.8 (3d Cir. 2012)). Kaplan emphasizes a few cases where courts have declined to dismiss on this basis, *see* Opp. 34–35, but even assuming that the filing of the Complaint *can* constitute reasonable notice, it does not here. *See Strzakowlski v. Gen. Motors Corp.*, 2005 WL 2001912, at *3 (D.N.J. Aug. 16, 2005). Kaplan filed his Complaint *20 years* after purchasing his first Interlogix alarm and *16 years* after purchasing his second. Kaplan failed to provide a "reasonable time for notice," *see id.*, as a matter of law.

*Second*, Kaplan has not alleged an express warranty that Interlogix breached. He points only to his cursory allegation that he would not have purchased his alarms had he known that they were not UL- and NFPA-compliant. Opp. 34. But the only representations Kaplan identifies were made *after* he purchased his alarm, in the schematic and installation guide, and he does not allege that he reviewed them before purchase. The case he cites, *Viking Yacht Co. v. Composites One LLC*, 496 F. Supp. 2d 462, 469 (D.N.J. 2007), makes clear that to be "part of the basis of the bargain" the buyer must "become aware of the affirmation of fact or promise" *before*

12

purchase. This also distinguishes this case from *Dzielak v. Whirlpool Corp.*, 2019 WL 6607220, at *14 (D.N.J. Dec. 5, 2019), where the alleged representation was visible branding that a buyer could be presumed to have seen before purchase.

  ***Third***, even if Kaplan's fraud claims are not covered by the PLA, his implied-warranty claim (Count 5) is. Kaplan defends his claim only on the theory that Interlogix's alarm is "not fit for the ordinary purpose for which it was intended" and "will not perform its essential function." Opp. 35–36 (emphasis omitted). That is not a representation-based claim. *See Calender v. NVR Inc.*, 548 F. App'x 761, 764 (3d Cir. 2013) ("The PLA does not recognize negligence or implied breach of warranty as separate claims for harm caused by a product."); *see also Sun Chem. Corp. v. Fike Corp.*, 981 F.3d 231, 238 (3d Cir. 2020) (a claim was subsumed by the PLA because it was ultimately just a claim "that the product did not work").

  ***Fourth***, the implied-warranty claim fails for lack of any plausible allegation that the alarm is not fit for its ordinary purpose. Kaplan used his alarms without issue for more than 20 years. And he identifies no homeowner's alarm that has *ever* failed due to this purported defect.

## VI. Kaplan's MMWA Claim Fails As A Matter Of Law.

  Kaplan fails to address the statutory command that no MMWA claim "shall be cognizable in a suit" that is "brought as a class action, and the number of named plaintiffs is less than one hundred." 15 U.S.C. § 2310(d)(3). There are not 100

plaintiffs here, and the Court can easily dismiss this claim. *See, e.g.*, *Kavon*, 2022 WL 1830797, at *4–5. Kaplan's only argument on the MMWA is that his claim "[m]ust [s]urvive" dismissal if his underlying state warranty claims survive, too. Opp. 36. But the 100-named-plaintiffs requirement is a specific requirement of the MMWA and precludes the claim independent of the operation of state law. In all events, Kaplan's state warranty claims fail as a matter of law. *See Cooper v. Samsung Elecs. Am., Inc.*, 374 F. App'x 250, 254 (3d Cir. 2010).

## VII.   Kaplan Does Not State A Claim For Unjust Enrichment.

Kaplan offers two responses to save his unjust-enrichment claim, but neither argument is persuasive. ***First***, Kaplan argues that New Jersey's requirement that parties have a "direct relationship" is "non-strenuous." Opp. 37–38. Kaplan misreads New Jersey law, but even accepting that the requirement is "non-strenuous," it is not a nullity. Here, the Complaint contains *no* allegations as to whom Kaplan purchased his alarms from, or which Defendant (if any) Kaplan purportedly enriched. Kaplan's unjust-enrichment claim thus fails on his own terms. *See Glass v. BMW of N. Am., LLC*, 2011 WL 6887721, at *16 (D.N.J. Dec. 29, 2011).

***Second***, although Kaplan does not dispute that he has adequate remedies at law, he argues that his claim survives because he pled unjust enrichment in the alternative. *See* Opp. 38. Cases allowing alternatively pled unjust-enrichment claims have done so only when the parties dispute the validity of a purportedly

breached contract, unlike here.  *See, e.g., DeFrank*, 2020 WL 6269277, at *20–21.[6]

## VIII.  Kaplan's TCCWNA Claim Fails As A Matter Of Law.

Kaplan confirms that his TCCWNA claim is premised on Interlogix's alleged CFA violation, and thus if his CFA claim is dismissed, his TCCWNA claim should be as well.  *See* Opp. 39–40; *see also Mladenov v. Wegmans Food Mkts., Inc.*, 124 F. Supp. 3d 360, 380 (D.N.J. 2015) (dismissing TCCWNA claims because plaintiffs "failed to state viable CFA claims," and thus "TCCWNA claims cannot survive to the extent they rely on the alleged CFA violations").  Kaplan also fails to address Interlogix's argument that his Complaint does not plausibly allege that Interlogix is a "seller" within the meaning of the statute, which independently warrants dismissal. *See* Compl. ¶¶ 12–22; *see also Rosenzweig v. Transworld Sys. Inc.*, 2017 WL 3025557, at *7 (D.N.J. July 14, 2017) (dismissing TCCWNA claim because plaintiff "does not allege that Defendant is a seller, lessor, or lender").

## CONCLUSION

The Complaint should be dismissed with prejudice in its entirety.

---

[6] Kaplan's footnote 15 also misses the point.  Interlogix's cases involved tort claims like those Kaplan asserts here, and the court did not permit a plaintiff to assert an independent unjust enrichment claim.  *See* Opp. 38 n.15.

Dated: January 30, 2023        Respectfully submitted,

*/s/ Justin T. Quinn*

Justin T. Quinn
ROBINSON MILLER LLC
110 Edison Place, Suite 302
Newark, NJ 07102
Tel.: (973) 690-5400
Fax: (973) 466-2761
Email: jquinn@rwmlegal.com

K. Winn Allen, P.C. (admitted *pro hac vice*)
Devin Anderson (admitted *pro hac vice*)
Mary Elizabeth Miller (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel.: (202) 389-5000
Fax: (202) 389-5200
Email: winn.allen@kirkland.com
      devin.anderson@kirkland.com
      mary.miller@kirkland.com

*Counsel for Defendants*