**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND**

STEPHEN OLENICK,

        *Plaintiff,*

        v.

GENERAL ELECTRIC COMPANY d/b/a GE,
UNITED TECHNOLOGIES CORP., UTC
FIRE & SECURITY AMERICAS
CORPORATION, INC. d/b/a INTERLOGIX,
and CARRIER GLOBAL CORPORATION,

        *Defendants.*

Civil Action No. 1: 24-MC- 442

Oral Argument Requested

USDC- BALTIMORE
'24 SEP 19 PM2:11

**MEMORANDUM OF LAW IN SUPPORT OF
NON-PARTY STEPHEN OLENICK'S
<u>MOTION TO QUASH DEPOSITION SUBPOENA</u>**

Harry P. Rudo (Bar No. 19853)
DLA PIPER LLP (US)
650 South Exeter Street, Suite 1100
Baltimore, Maryland 21202-4576
harry.rudo@us.dlapiper.com
(410) 580-4923

September 19, 2024

*Counsel for Non-Party Stephen Olenick*



HD

Rcv'd by: _____

---

MEMORANDUM OF LAW IN SUPPORT OF NON-PARTY STEPHEN OLENICK'S
MOTION TO QUASH DEPOSITION SUBPOENA

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

STATEMENT OF FACTS .................................................................................................. 2

    I.    Mr. Stephen Olenick, MSFPE, CFEI, P.E., MBA. .......................................... 2

    II.    Mr. Olenick Is Not Involved in the Disputes at Issue in the Pending Lawsuit. ................. 2

    III.    Plaintiff's Passing Reference to Mr. Olenick and the Report in the Complaint. ............ 4

    IV.    Mr. Olenick is Subpoenaed by Defendants to Sit for a Deposition. ............................... 5

    V.    Defendants Told the Federal District of New Jersey that "Limited Discovery" is Appropriate, which does Not Include a Non-Party Deposition of Mr. Olenick. ........................ 6

LEGAL STANDARD .......................................................................................................... 7

ARGUMENT ........................................................................................................................ 8

    I.    Any Deposition of Mr. Olenick Would Focus on His Opinions, Going Far Beyond His Percipient Knowledge. ........................................................................................... 8

    II.    *United States ex rel. Hill v. Univ. of Medicine and Dentistry of New Jersey* is Squarely On Point and Supports Quashing the Deposition. ...................................... 10

    III.    Defendants Cannot Demonstrate Any Substantial Need for Mr. Olenick's Testimony ...................................................................................................................... 12

    IV.    If the Court Requires Mr. Olenick Sit for a Deposition, its Scope Should be Limited. ........................................................................................................................... 14

    V.    Mr. Olenick and CSE Should be Awarded their Attorneys' Fees Related to this Motion, the Subpoena, and Any Deposition. ................................................................ 15

CONCLUSION ................................................................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Chavez v. Bd. of Educ. of Tularosa Municipal Sch.,*
   No. CIV 05-380, JB/RLP, 2007 WL 1306734 (D.N.M. Feb. 16, 2007)...................................12

*Chazanow v. Sussex Bank,*
   No. CIV.A. 11-1094 CCC, 2014 WL 2965697 (D.N.J. July 1, 2014).....................................13

*Conforti v. St. Joseph's Healthcare Sys., Inc.,*
   No. 17-00050, 2019 WL 3847994 (D.N.J. Aug. 15, 2019) ......................................................13

*Friedland v. Tic-The Industrial Co.,*
   No. 04-cv-01263, 2006 WL 2583113 (D. Colo. Sept. 5, 2006)...............................................12

*Glaxosmithkline Consumer Health Care, L.P. v. Merix Pharmaceutical Corp.,*
   No. 05-436, 2007 WL 1051759 (D. Utah April 2, 2007) ...................................................11, 13

*United States ex rel. Hill v. Univ. of Medicine and Dentistry of New Jersey,*
   Civil Action No. 03-4837, 2008 WL 4514046 (D.N.J. Sept. 26, 2008) ...........................*passim*

*Intervet, Inc. v. Merial Ltd.,*
   No. 07–194, 2007 WL 1797643 (D. Neb. June 20, 2008).......................................................12

*Kelley v. Enhanced Recovery Co., LLC,*
   No. CV 15-6527 (CCC), 2016 WL 8673055 (D.N.J. Oct. 7, 2016) ........................................13

*Samuel L. Kaplan v. General Electric Company d/b/a GE, United Technologies
   Corp., UTS Fire & Security Americas Corporation, Inc. d/b/a Interlogix and
   Carrier Global Corporation,*
   No. 2:22-cv-05296 (D.N.J.) .............................................................................................*passim*

*Thompson v. Glenmede Trust Co.,*
   No. 92–5233, 1995 WL 752422 (E.D. Pa. Dec.19, 1995) .......................................................12

**Other Authorities**

Federal Rule of Civil Procedure 45 ...............................................................................*passim*

## INTRODUCTION

Non-party Stephen Olenick ("Mr. Olenick") respectfully submits this memorandum of law in support of his motion to quash the deposition subpoena ("Subpoena") served on him by the above-captioned Defendants. The Subpoena was served on Mr. Olenick as part of a matter pending before the United States District Court for the District of New Jersey, Case No. 2:22-cv-05296 (the "Pending Lawsuit").[1] This Motion is filed pursuant to Federal Rule of Civil Procedure 45(d)(3).

Mr. Olenick is recognized as an expert in the field of fire science, holding numerous professional degrees and certifications. He has not been retained as an expert by any party in the Pending Lawsuit, nor does he have any personal knowledge of any facts relevant to that case. His only connection to that case is a passing reference in Plaintiff's[2] complaint based on Mr. Olenick's work for a non-party to that case. That unrelated work by Mr. Olenick *did not involve any GE Security or Interlogix burglar and fire alarm system control units (the fire alarm system control units at issue in the Pending Lawsuit)*, making any testimony Mr. Olenick could provide entirely irrelevant. Despite this fact, Defendants seek to burden Mr. Olenick by forcing him to sit for a deposition where he will be asked questions by all parties to the Pending Lawsuit regarding his opinions related to a matter in which he is not involved. The Federal Rules prohibit forcing non-retained experts to undergo such examination. Indeed, *the United States District Court for the District of New Jersey (where the Pending Lawsuit is pending) quashed a non-retained expert deposition under Rule 45(d)(3)(B)(ii) in a very similar situation as present here.* *See United*

---

[1] The Defendants in this case are the same as the Defendants in the Pending Lawsuit.

[2] All references to "Plaintiff," "Defendants," or ECF Numbers relate to the parties and filings in the matter pending before the United States District Court for the District of New Jersey, Case No. 2:22-cv-05296, captioned *Samuel L. Kaplan v. General Electric Company d/b/a GE, United Technologies Corp., UTS Fire & Security Americas Corporation, Inc. d/b/a Interlogix and Carrier Global Corporation.*

*States ex rel. Hill v. Univ. of Medicine and Dentistry of New Jersey*, Civil Action No. 03-4837, 2008 WL 4514046 (D.N.J. Sept. 26, 2008). The Subpoena should be quashed.

In the alternative, if the court finds that a deposition is warranted, the court should limit the scope of the deposition to percipient testimony regarding his work on the report referenced in the complaint (the "Report") and prevent any party from asking Mr. Olenick questions about any opinions, subjective views, or other non-percipient topics, including any present in the Report. That would allow Defendants to inquire about how the Report was created, without requiring Mr. Olenick to discuss opinions in the Pending Lawsuit—a case where he is not retained as an expert.

## STATEMENT OF FACTS

### I.    Mr. Stephen Olenick, MSFPE, CFEI, P.E., MBA.

Stephen Olenick is a Principal Engineer at and part owner of Combustion Science & Engineering, Inc. ("CSE"), a company dedicated to the study, advancement, and application of combustion and fire sciences. *See* Declaration of Stephen Olenick dated September 19, 2024 ("Decl."), ¶ 3. Mr. Olenick holds numerous degrees and professional certifications, including an MBA and a Masters in Fire Protection Engineering, is a Certified Fire and Explosion Investigator, and is a Professional Engineer in the discipline of fire protection. *Id.* He has been a member of committees responsible for National Fire Protection Association standards. *Id.* Mr. Olenick has testified in court as an expert witness five times and has been deposed fourteen times. Decl. ¶ 4.

### II.    Mr. Olenick Is Not Involved in the Disputes at Issue in the Pending Lawsuit.

The Pending Lawsuit involves allegations of design defects of burglar and fire alarm system control units sold under the brand names GE Security and Interlogix. ECF No. 44, Amended Complaint ("Am. Compl.") ¶¶ 8, 14. All the claims advanced by Plaintiff implicate

alleged misrepresentations by Defendants under applicable sections of UL and NFPA 72 standards. *Id.* ¶ 15.

Neither Mr. Olenick nor CSE has been retained as an expert, consultant, or in any other capacity by any party to the Pending Lawsuit in relation to that case or the disputes therein. Decl. ¶ 5.

Mr. Olenick and CSE were engaged in 2022 by Jeffrey Zwirn, President of IDS Research & Development, Inc., to scientifically evaluate a potential mode of failure on combination-listed burglar and fire alarm control units and the applicable codes and standards, in order to independently test and validate or refute Mr. Zwirn's hypothesis regarding that mode of failure. *See Exhibit 1*, CSE Report at 4, 7.[3] Mr. Olenick submitted a report to Mr. Zwirn as a result of that engagement (the "Report"). *See Exhibit 1*.

In preparing the Report, Mr. Olenick performed experimental testing on a Honeywell Vista 32FBPT combination-listed commercial alarm control unit and a Honeywell Vista 20P combination-listed household alarm control unit. Decl. ¶ 6. Mr. Olenick did not perform any testing on any GE Security or Interlogix units. *Id.*

**Neither Mr. Olenick nor any other representative of CSE performed any testing on, analyzed, inspected, or otherwise reviewed the GE Security or Interlogix units that are at issue in the Pending Lawsuit as part of their work for Mr. Zwirn.** Decl. ¶ 7.

No party to the Pending Lawsuit has served a subpoena *duces tecum* on Mr. Olenick or CSE. Decl. ¶ 8. Mr. Olenick is outside of the subpoena power of any party at a trial in the Pending Lawsuit. Decl. ¶¶ 9–11. Mr. Olenick has no intention of testifying voluntarily at any trial in the

---

[3] All exhibit numbers used herein reference exhibits to Mr. Olenick's Declaration.

Pending Lawsuit, nor has any party asked him to do so. Decl. ¶ 12. If he is asked to testify voluntarily, he will decline to do so. *Id.*

Mr. Olenick has no personal knowledge of Plaintiff, Plaintiff's allegations in the Pending Lawsuit, or GE Security or Interlogix combination-listed commercial or household alarm control units. Decl. ¶ 13.

**III.    Plaintiff's Passing Reference to Mr. Olenick and the Report in the Complaint.**

Unbeknownst to Mr. Olenick when it was filed, Plaintiff referenced Mr. Olenick and CSE in his original Complaint and attached a copy of the Report as Exhibit E to the original Complaint. ECF No. 1, Complaint ("Compl.") ¶¶ 73, 74; Decl. ¶ 14.[4] Mr. Olenick did not grant permission for the Report to be used by Plaintiff in this capacity (or in any other capacity), nor was he asked for such permission at any time. Decl. ¶ 15.

Plaintiff's references in the Amended Complaint to Mr. Olenick, CSE, or the Report are reproduced in full below; this is the full extent of such references.[5]

> 75. In fact, the Alarm System Defect was analyzed and confirmed by Combustion Science & Engineering, Inc. ("CSE"), a company that for more than twenty years has been dedicated to the study, advancement, and application of combustion and fire sciences, conducted an independent evaluation of the Alarm System Defect.

> 76. CSE confirmed the Alarm System Defect of combination listed single data-bus residential burglar and fire alarm system control units, such as those manufactured or sold by Defendants under the brand names GE Security and Interlogix, and their noncompliance to the minimum standards required by both UL and NFPA 72. Indeed, in a July 5, 2022 report, CSE concluded:

---

[4] The Complaint (ECF No. 1) and Amended Complaint (ECF No. 44) are substantively identical as related to Mr. Olenick and CSE.

[5] As relevant to paragraphs 75 and 76 of the Amended Complaint, Plaintiff defined his term "Alarm System Defect" as a fault or short circuit that renders a control unit non-functional, *regardless of the brand of control unit at issue* (i.e., not specific to the GE Security or Interlogix brands at issue). Am. Compl. ¶ 13.

In sum, CSE's review of the codes and standards indicates that these documents clearly indicate that an electrical short circuit on non-fire equipment, including the data-bus and its wiring, shall not render a combination-listed fire/security system control unit non-functional. This code requirement applies for both household and commercial combination-listed systems and dates back to at least the early 2000s. UL's implementation and interpretation of these sections of their standards and NFPA 72® have allowed this hypothesized and dangerous mode of failure to exist, despite their testing and ergo, combination-listed control units have become listed despite nonconformities. Failure of combination-listed control units to meet UL and NFPA standards violates the adopted fire code in each state of the United States and needlessly puts occupants inside an occupancy at an increased risk of serious personal injury and/or death during a life safety emergency.

…

As has been demonstrated in CSE's analysis and the experiments conducted, there is both scientific certainty and validity to Mr. Zwirn's hypothesized mode of failure for combination-listed single data-bus fire and burglar alarm control units, and they do not conform to UL and NFPA standards. Given that, from a Fire Protection Engineering perspective, this equipment is nonconforming, and it is dangerous to all persons who rely on it for mission critical functional and reliable life safety.

See Stephen M. Olenick, Michael S. Klassen & Zachary Switzer, Analysis of the Hypothesized Data-Bus Failure Mode of Combination-Listed Fire/Security Control Units, at 24, 42 (July 5, 2022), attached hereto as **Exhibit E.**

## IV.    **Mr. Olenick is Subpoenaed by Defendants to Sit for a Deposition.**

On July 10, 2024, nearly two years after the original Complaint was filed on August 30, 2022, Defendants' counsel emailed Mr. Olenick and stated:

An expert report that you and others at CSE authored was attached to the complaint in the lawsuit and you were disclosed by the plaintiff, Samuel Kaplan, as someone who may have information relevant to the issues in the case. ***We intend to serve you with a deposition subpoena so that you can testify about that expert report and the issues in the case, based on your knowledge.***

*Exhibit 2* (emphasis added).

On September 6, 2024, Defendants' counsel served Mr. Olenick with a subpoena to sit for a deposition on September 26, 2024. Decl. ¶ 16, *Exhibit 3*.[6] The subpoena does not identify the subject matter of Mr. Olenick's testimony or limit the scope of the deposition in any way. *Exhibit 3*. By agreement of counsel, the deposition was adjourned pending resolution of this Motion. Defendants did not agree to provide Mr. Olenick with any compensation related to this deposition, and have not provided him with any fees for his attendance on the day of the deposition or mileage to the deposition. Decl. ¶ 17.

## V. Defendants Told the Federal District of New Jersey that "Limited Discovery" is Appropriate, which does Not Include a Non-Party Deposition of Mr. Olenick.

Defendants argued before the court where the Pending Lawsuit is pending (the "New Jersey Court") that "*limited discovery* is warranted on the case-dispositive issue of UL's initial and continued certification of Defendants' combination-listed fire and burglar alarm systems." ECF 47, Joint Discovery Plan, at 8 (emphasis added). Furthermore, Defendants proposed that only specific discovery be permitted, including the following topics that are entirely unrelated to Mr. Olenick or CSE:

> Discovery regarding UL's determinations and interpretations of its standards at the outset will allow for a quick and efficient resolution of Plaintiff's three remaining claims. *That discovery would include*: UL's testing of Defendants' alarms, UL's interpretations of its relevant standards and the tests it requires in support of those standards, Defendants' submissions to UL, Mr. Jeffrey D. Zwirn's identification to UL of the purported issue with UL's interpretation of its standards, and Mr. Zwirn's communications with UL and with the National Fire Protection Association.
>
> …
>
> Alternatively, in the event that the Court concludes that discovery should not be phased, *Defendants believe that discovery is warranted on* the statements that Plaintiff relied upon in purchasing his Interlogix alarms, from whom Plaintiff

---

[6] Although the Subpoena is dated September 5, 2024, it was not served on Mr. Olenick until September 6, 2024.

purchased his alarms from, the circumstances of his discovery of the alleged defect, any investigation Plaintiff undertook into the safety of his alarms prior to discovering the alleged defect, the relationship between Mr. Zwirn and Plaintiff and his representatives, the design of Defendants' alarms and any potential alternative designs, Mr. Zwirn's potentially relevant patents, and other issues.

*Id.* at 8 (emphasis added).

All parties to the Pending Lawsuit have already obtained substantial discovery from other parties, and non-parties involved in the Pending Lawsuit.  Specifically:

- The parties to the Pending Lawsuit served third-party document subpoenas on UL Solutions and received documents in response.

- Defendants served a third-party document subpoena on UL Standards & Engagement and received documents in response.

- Defendants served third-party document subpoenas on Jeffrey D. Zwirn and his company IDS Research & Development.

ECF No. 63, Joint Status Letter.

## LEGAL STANDARD

Rule 45 expressly authorizes the Court to quash a subpoena that requires "disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from an expert's study that was not requested by a party." Fed. R. Civ. P. 45(d)(3)(B)(ii).  This Rule was designed precisely to address the "growing problem" of litigants using subpoenas "to compel the giving of evidence and information by unretained experts." *Id.*, Advisory Committee's Note – 1991 Amendment.  Non-retained experts may not be compelled to testify against their will unless the requesting party "shows a substantial need for the testimony … that cannot be otherwise met without undue hardship." Fed. R. Civ. P. 45(d)(3)(C)(i).  If attendance is ordered, the expert must be "reasonably compensated" and the court may impose "specified conditions" to protect the expert.  Fed. R. Civ. P. 45(d)(3)(C).

## ARGUMENT

The court should quash the Subpoena served on Mr. Olenick. Forcing Mr. Olenick to be deposed would require him to testify regarding his expert opinion that (1) does not describe any specific occurrence in dispute in the Pending Lawsuit and (2) was not requested by any party to the Pending Lawsuit. This situation therefore falls squarely within Rule 45(d)(3)(b)(ii), and the Defendants cannot show any substantial need for Mr. Olenick's testimony. In the alternative, if the court permits the deposition to proceed, Mr. Olenick requests that the scope of the deposition be limited to percipient testimony regarding his work on the Report and that the court prevent any party from asking Mr. Olenick questions about any opinions, subjective views, or other non-percipient topics.

**I.    Any Deposition of Mr. Olenick Would Focus on His Opinions, Going Far Beyond His Percipient Knowledge.**

It is clear that, if Mr. Olenick is forced to sit for a deposition, both the Plaintiff and the Defendants will inquire into Mr. Olenick's opinions regarding combination-listed commercial and household alarm control units and UL and NFPA standards. Mr. Olenick's Report discusses these subjects at length, subjects that bear directly on Plaintiff's claims and Defendants' defenses. The parties to the Pending Lawsuit would take their turns playing tug-of-war with Mr. Olenick, with each side picking at specific passages of the Report and Mr. Olenick's expert knowledge and experience to suggest support for their position. It is even possible that the Parties would investigate Mr. Olenick's prior work as an expert, prying into confidential relationships entirely unrelated to the Pending Lawsuit (but potentially involving parties that compete with or interact in the same commercial sphere as those involved here). But the Federal Rules expressly prohibit

this kind of arm-wrestling over expert witnesses who are not retained by a party and have no direct involvement with a lawsuit.

Federal Rule of Civil Procedure 45(d)(3)(B)(ii) permits the court to quash or modify the Subpoena, as Mr. Olenick's opinions and his work on the Report squarely meet both prongs of that rule. *First*, Mr. Olenick's Report does *not* describe any specific occurrence in dispute. Neither Mr. Olenick nor CSE performed any analysis or testing on the GE Security or Interlogix units that are at issue in the Pending Lawsuit. Decl. ¶ 7. The Honeywell units that Mr. Olenick analyzed were not used by Plaintiff and are not referenced in the Amended Complaint in any way. Decl. ¶ 6, Am. Compl. ¶¶ 8, 14. *Second*, Mr. Olenick's opinions and Report were not requested by any party to the Pending Lawsuit. Decl. ¶ 5. The Report was provided to Mr. Zwirn, who is not a party to the Pending Lawsuit and did not purport to represent any such party when he engaged Mr. Olenick and CSE. Decl. ¶ 7; *Exhibit 1* at 1. Both prongs of Rule 45(d)(3)(B)(ii) are met here.

This Rule was created to protect experts in this very circumstance. The Advisory Committee Notes to Rule 45 state that the "compulsion to give evidence may threaten the intellectual property of experts denied the opportunity to bargain for the value of their services." Indeed, if Mr. Olenick can be compelled to sit for a deposition through the simple expedient of a plaintiff attaching to its complaint an expert report commissioned for a non-party, experts could soon find themselves hauled into depositions around the country just because at some point in the past they submitted an expert report about a topic tangentially related to unknown future litigation. The Federal Rules specifically govern this circumstance, requiring the Subpoena be quashed.

**II.**     **_United States ex rel. Hill v. Univ. of Medicine and Dentistry of New Jersey_ is Squarely On Point and Supports Quashing the Deposition.**

The New Jersey Court has applied Rule 45 to quash a deposition of a non-retained expert in a very similar circumstance. In _Hill_, Civil Action No. 03-4837, 2008 WL 4514046 (D.N.J. Sept. 26, 2008), the plaintiff brought a _qui tam_ action arising from allegedly false statements made by the defendants in applications for federal grant monies. _Id._ at *1. Those applications presented data on the effects of scientific studies, effects that the plaintiff alleged were fraudulent. _Id._ In defense, the defendants referenced research performed by others in the field that supposedly replicated the defendants' findings. _Id._ Plaintiff, believing that the defendants were referencing the work of a team of researchers at Columbia University, served a deposition subpoena on a non-party expert at Columbia. _Id._

The non-party expert sought to quash the deposition on the basis that any testimony sought would be expert opinion testimony, as opposed to percipient testimony about his limited interactions with the plaintiff or his "intimate knowledge" of the procedures used by the defendants. _Id._ at *2. The New Jersey Court agreed with the non-party expert that the subpoena "seeks to elicit Dr. Hei's testimony as an expert." _Id._ That testimony, which would involve the non-expert's "reservations" about "complex research" was found to be "class expert testimony." _Id._ Similarly here, the Defendants demanded that Mr. Olenick "testify about [his] expert report and the issues in the case." _Exhibit 2._ Such testimony would focus on Mr. Olenick's expert analysis and opinions from his Report, including his opinion that "[a]s has been demonstrated in CSE's analysis and the experiments conducted, there is both scientific certainty and validity to Mr. Zwirn's hypothesized mode of failure for combination-listed single data-bus fire and burglar alarm

control units, and they do not conform to UL and NFPA standards." *Exhibit 1* at 42. This, also, is "class expert testimony."

The New Jersey Court found that, even if the testimony sought from the non-party expert were viewed as factual in nature, it still fell within Rule 45(d)(3)(B)(ii) because it did not describe specific occurrences in dispute. *Id.* at *3. *Hill* rejected the argument that a deposition should be allowed based on a stated intention to ask only fact questions about the expert's own methods and findings. *Id.* This is so because Rule 45(d)(3)(B)(ii) applies not only to "opinion" testimony, but also to "information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Any percipient testimony Mr. Olenick could provide meets this description and is therefore protected.

Mr. Olenick's Report is possessed by all parties to the Pending Lawsuit, and his findings are not in dispute. He has no opinions regarding any facts allegedly supporting liability related to any GE Security or Interlogix products, nor does he have any percipient knowledge of the alarm control units at issue in the Pending Lawsuit. Decl. ¶¶ 7, 13. Even a limited deposition is not warranted in such circumstances. *Cf. Glaxosmithkline Consumer Health Care, L.P. v. Merix Pharmaceutical Corp.*, No. 05-436, 2007 WL 1051759, at *3 (D. Utah April 2, 2007) (granting motion to quash and noting that non-party doctor "is sought as an authority, based on his expertise and independent study, not as an observer of facts giving rise to liability.").

Because the New Jersey Court found that a deposition of the non-party expert in *Hill* would require disclosure of his expert opinions or information that does not describe specific occurrences in dispute, the deposition subpoena was quashed. *Hill*, at *4. The same logic applies here.

### III.    Defendants Cannot Demonstrate Any Substantial Need for Mr. Olenick's Testimony

Because the Subpoena seeks information protected under Rule 45(d)(3)(B)(ii), the deposition must be quashed absent a showing of "a substantial need for the testimony or material that cannot be otherwise met without undue hardship." Fed. R. Civ. P. 45(d)(3)(C)(i); *Chavez v. Bd. of Educ. of Tularosa Municipal Sch.*, No. CIV 05-380 JB/RLP, 2007 WL 1306734, at *6 (D.N.M. Feb. 16, 2007) (proof of "undue hardship" is "necessary to overcome a motion to quash by an un-retained expert"). "Thus, a party seeking disclosure of information protected by this provision must meet a standard that 'is the same as that necessary to secure work product under Rule 26(b)(3).'" *Friedland v. Tic-The Industrial Co.*, No. 04-cv-01263, 2006 WL 2583113, at *2 (D. Colo. Sept. 5, 2006) (quoting Rule 45 Advisory Committee Note). Defendants cannot make this showing.

Again, *Hill* is directly on-point. There, the New Jersey Court found that no substantial need existed even where it was alleged that the non-party expert was a "unique witness" who worked at the only company that had published results from experiments involving the study at issue. *Hill*, at *3. The Court found that any hardship in not having the non-party expert's testimony would be "minimal" because her study was published and is publicly available. *Id.*; *cf. Thompson v. Glenmede Trust Co.*, No. 92–5233, 1995 WL 752422, at *4 (E.D. Pa. Dec.19, 1995) ("any hardship in not having Mr. Bradshaw testify would appear to be nominal when the Glenmede Defendants already have Mr. Bradshaw's favorable opinion outlined in his reports."). Here, all parties to the Pending Lawsuit already have a copy of Mr. Olenick's Report, as Plaintiff attached it as an exhibit to his original Complaint. Compl. Ex. E. The parties can use that exhibit to impeach witnesses or to provide to their own experts for review and comment, without any need for Mr. Olenick's deposition. *Cf. Intervet, Inc. v. Merial Ltd.*, No. 07–194, 2007 WL 1797643, at *2 (D.

Neb. June 20, 2008) (explaining that Dr. Osorio's declaration is a public document which plaintiff can use to impeach witnesses, and noting that there is no reason why plaintiff "cannot present Dr. Osorio's declaration to its own experts for perusal and comment").

Defendants face a high bar in showing a "substantial need" for Mr. Olenick's testimony. Fed. R. Civ. P. 45(d)(3)(C)(i). As a non-party, Mr. Olenick is "afford[ed] greater protection ... in discovery, and nonparty subpoenas must meet a higher standard of relevance than subpoenas directed toward parties." *Conforti v. St. Joseph's Healthcare Sys., Inc.*, No. 17-00050, 2019 WL 3847994, at *2 (D.N.J. Aug. 15, 2019); *see also Kelley v. Enhanced Recovery Co., LLC*, No. CV 15-6527 (CCC), 2016 WL 8673055, at *3–4 (D.N.J. Oct. 7, 2016) (same); *Chazanow v. Sussex Bank*, No. CIV.A. 11-1094 CCC, 2014 WL 2965697, at *3 (D.N.J. July 1, 2014) (same). "[L]ow relevance of the deposition testimony supports the finding that the burden of the deposition is excessive." *Glaxosmithkline Consumer Health Care, L.P. v. Merix Pharmaceutical Corp.*, No. 05-436, 2007 WL 1051759, at *4 (D. Utah April 2, 2007).

Defendants cannot meet their high burden. They already have pursued extensive discovery from third parties concerning combination-listed burglar and fire alarm control units and applicable standards, including by serving subpoenas on UL Solutions, UL Standards & Engagement, and Jeffrey Zwirn (for and to whom Mr. Olenick provided the Report). ECF No. 63, Joint Status Letter. Mr. Olenick has no personal knowledge of Plaintiff, Plaintiff's allegations in the Pending Lawsuit, or GE Security or Interlogix combination-listed commercial or household alarm control units. Decl. ¶¶ 7, 13. Defendants have no need to depose Mr. Olenick given his lack of relevant knowledge and the discovery sought from other sources. Defendants represented to the New Jersey Court that "limited discovery is warranted on the case-dispositive issue of UL's initial and continued certification of Defendants' combination-listed fire and burglar alarm

systems." ECF 47, Joint Discovery Plan, at 8. Mr. Olenick's testimony would not address those issues, and is therefore irrelevant under Defendants' own characterization.

Defendants also have no need to depose Mr. Olenick to protect themselves in case he suddenly appears as a trial witness. Mr. Olenick is outside the range of trial subpoenas in the Pending Lawsuit and has no intention of testifying voluntarily at any trial, nor has any party asked him to do so. Decl. ¶ 12. If asked to testify at trial, he will decline to do so. *Id.*

Finally, the Court should consider the resulting burdens that the Subpoena would impose on Mr. Olenick should his testimony be compelled. Given the complexity and length of his Report, the time it would take Mr. Olenick to prepare to give testimony in the Pending Lawsuit would be significant and would cause significant disruption. Decl. ¶ 18. Given the lack of relevance of Mr. Olenick's testimony to the facts at issue in the Pending Lawsuit, he should not be compelled to put his responsibilities aside to testify in a case he has no involvement with.

**IV.    If the Court Requires Mr. Olenick Sit for a Deposition, its Scope Should be Limited.**

If the court finds that Defendants are entitled to depose Mr. Olenick, the court has the authority to modify the Subpoena or impose conditions on any deposition. Fed. R. Civ. P. 45(d)(3)(C). Appropriate conditions could include limiting all parties to the Pending Lawsuit to questions seeking percipient testimony about Mr. Olenick's work on the Report. But because Mr. Olenick is a non-retained expert, all parties to the Pending Lawsuit should be prohibited from asking Mr. Olenick questions about any opinions, subjective views, or other non-percipient topics. Any opinions, subjective views, or other non-percipient topics reflected in his Report should also be outside the scope of any permitted deposition.

That limitation would protect Mr. Olenick and protect the judicial process. *First*, it would protect Mr. Olenick by preventing examination into his expert opinions—the very "intellectual

property" that the Rule 45 Advisory Committee sought to protect. Allowing Mr. Olenick to be questioned about his opinions risks future litigants digging into non-retained experts' opinions in other matters, undermining the purposes of Rule 45. *Second*, this limitation would protect the judicial process by preventing the parties to the Pending Lawsuit from obtaining opinion testimony from a non-retained expert who did not consider the alarm control units at issue in that case. Decl. ¶ 7. Opinion testimony about other (unrelated) units could confuse a jury at a trial in the Pending Lawsuit. Any opinions expressed by Mr. Olenick in his report are based on either his analysis of Honeywell units (which were never used by Plaintiff) or based on hearsay and speculation provided to him by Mr. Zwirn (which would not be the proper basis for a retained expert's report). Decl. ¶ 6; *Exhibit 1* at 50–51. Any opinions in the Report should therefore be off-limits to the Parties during any deposition permitted by the court.

## V.    Mr. Olenick and CSE Should be Awarded their Attorneys' Fees Related to this Motion, the Subpoena, and Any Deposition.

Mr. Olenick and CSE (of which he is a part owner) have incurred substantial legal fees in filing this Motion and opposing Defendants' attempt to drag Mr. Olenick into the Pending Lawsuit. Decl. ¶¶ 3, 18. If Mr. Olenick is required to sit for a deposition, further time and legal fees will be incurred preparing for and defending Mr. Olenick for that deposition. Decl. ¶ 18. It is within the court's discretion to award Mr. Olenick and CSE attorneys' fees to "ensure[] that the subpoenaed person will be reasonably compensated." Fed. R. Civ. P. 45(d)(3)(C)(ii). And if a deposition occurs, the court should require Defendants to compensate Mr. Olenick and CSE at Mr. Olenick's hourly rate of $450/hour, for any time spent preparing for, traveling to, or attending a deposition. Decl. ¶ 17. An award of attorneys' fees and other compensation is particularly appropriate where

---

Defendants refused to compensate Mr. Olenick for his deposition time or even pay him the daily fee and mileage reimbursement required under Rule 45.  *Id.*

## CONCLUSION

Mr. Olenick respectfully requests that the court quash the deposition subpoena served on him by Defendants pursuant to Rule 45(d)(3)(B).  In the alternative, Mr. Olenick requests that the court limit the scope of any deposition to percipient testimony regarding his work on the Report and prevent any party from asking Mr. Olenick questions about any opinions, subjective views, or other non-percipient topics, including any present in the Report, pursuant to Rule 45(d)(3)(C).  Mr. Olenick also requests an award of reasonable attorneys' fees incurred related to this Motion and the Subpoena and, if a deposition is held, compensation for his time preparing for, traveling to, or attending a deposition.

September 19, 2024                                        Respectfully submitted,


*Harry P. Rudo*

**DLA PIPER LLP (US)**

Harry P. Rudo (Bar No. 19853)
650 South Exeter Street, Suite 1100
Baltimore, Maryland 21202-4576
harry.rudo@us.dlapiper.com
(410) 580-4923

*Counsel for Non-Party Stephen Olenick*